UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 7:98-cr-00798-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Timothy Dale Crockett, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on defendant's letter, which the Court interpreted as a Motion to Alter Judgment, and subsequent Motion to Correct/Amend the Judgment, pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Both motions request the same relief; therefore, the Court has consolidated the motions for ruling.

Defendant contests his required restitution payments. Specifically, Defendant argues that the judgment of this Court conflicts with the Court's oral sentence on September 16, 1999. (Def.'s Mot. to Amend 2.) Defendant claims that the transcript from the sentencing hearing reflects that his restitution payments were to begin when his supervised release period commences. (Def.'s Mot. at 2.) He argues that the judgment contains a clerical error because it requires his restitution payments to begin "immediately." *Id.* He would like for the Court to "correct" the judgement to indicate, what he believes to be, the Court's order during sentencing. (Def.'s Mot. at 3.)

Defendant further alleges that the Bureau of Prisons has committed error by presently requiring him to make payments toward his restitution obligation in the amount of two hundred dollars ($200.00) per month. (Def.'s Mot. at 2.)

The defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The judgment of this Court clearly states that the defendant's restitution payments were to commence immediately after the date of the judgment, in monthly installments of at least $200.00 per month, and that payment of restitution was in addition to the terms of his sentence. (Judgment 5.) Contrary to Defendant's claim that the Court committed a clerical error, the transcript of his sentencing indicates that the restitution is in addition to the other terms of his sentence, unaffected by the supervised release date. (Sentencing Hr'g Tr. 33:9-12, Sept. 16, 1999.) Therefore, the defendant's claims are without merit.

To the extent that the defendant's motion can be construed pursuant to Federal Rule of Criminal Procedure 32.1(c), which would authorize the Court to modify the conditions of his supervised release, the Court declines to grant the motion at this time.

IT IS THEREFORE ORDERED that the defendant's Motion to Alter Judgment and Motion to Amend/Correct Judgement are both DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January  14 , 2008

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.